UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-24222-CIV-LENARD/O'SULLIVAN

ALBERTO CABANAS, and other
similarly-situated individuals,

    Plaintiff,

v.

ALCAMI GROUP, INC. d/b/a LA MELA
and MICHELE ESTEVES and
FEDERICO PADOVAN, individually,

    Defendants.

_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND RECOMMENDING DISMISSAL WITH PREJUDICE

THIS MATTER came before the Court following a settlement conference before the undersigned and the Court having conducted a hearing concerning the settlement.

THE COURT has heard from counsel and considered the terms of the settlement agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves a claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("FLSA").  In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." Id.  The district court may approve the settlement in

order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, there is a legal dispute as to whether the plaintiff is an owner of the corporation who would not be entitled to minimum wage or overtime.  There is a factual dispute as to the plaintiff's duties and the terms of the parties' agreement.  The Court has reviewed the terms of the settlement agreement including the amount to be received by the plaintiff and the attorney's fees and costs to be received by counsel and finds that the compromise reached by the parties is a fair and reasonable resolution of the parties' bona fide disputes.  Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' settlement agreement (including attorney's fees and costs) is hereby **APPROVED**. It is

**RECOMMENDED** that this case be **DISMISSED WITH PREJUDICE** and that the Court shall retain jurisdiction until **June 15, 2012** to enforce the terms of the settlement.[1]

DONE AND ORDERED in Chambers at Miami, Florida this **6th** day of February, 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Lenard
All counsel of record

---

[1] The parties consented to Magistrate Judge jurisdiction for any further proceedings on this matter.